WATKINS, Judge.
The only issue before us in this appeal by the plaintiff is whether the jury erred in *720 finding the defendant driver 60 percent at fault and the driver of the automobile in which the plaintiffs children were riding, who was not sued, 40 percent at fault.
Marie E. Solet, individually and as admin-istratrix of the estates of her three minor children, filed suit alleging that on Sunday, June 24, 1990, the three children were injured in an automobile accident caused by the fault of defendant, Georgiana Luke. The three children were passengers in an automobile being driven by their uncle, Thomas J. Bourg, in a northerly direction on LA Hwy. 57 in Terrebonne Parish, Louisiana. Mrs. Luke was driving a pickup truck in a southerly direction, and she was making a left turn into a church driveway at the time of the accident.
On appeal, plaintiff urges that there is no evidence in the record to show negligence on the part of Mr. Bourg. We agree. Mr. Bourg told the investigating officer he was traveling at 40 miles per hour in a 45 mile per hour zone. In his testimony at trial, Mr. Bourg stated he did not see any reason to be going slower, despite the activity at the church immediately prior to 10 o’clock Sunday Mass. Mr. Bourg was driving the children to another church for a 10 o’clock service, but he was going in an opposite direction from the church to get some gas. The weather was clear, and there were no obstructions on the highway. Mr. Bourg stated he saw the Luke vehicle -with its left-turn signal on, but he did not alter his speed or his course until Mrs. Luke turned in front of him; at that time he veered to his right.
In an effort to show that there are two permissible views of the evidence, defendant points to numerous facts in the record allegedly contrary to Mr. Bourg’s testimony. Mrs. Luke testified that a brown pickup truck made a left turn in front of Mr. Bourg immediately before she attempted her left turn; however, Mr. Bourg did not recall seeing that truck. Presumably in an attempt to contradict Mr. Bourg’s testimony that he was traveling within the speed limit, Mrs. Luke testified that the church to which Mr. Bourg was going was a 20-minute drive away from the scene of the accident; but she could not testify as to the speed of the Bourg vehicle because she did not see it until the impact. Mrs. Luke testified that there was more than usual activity in the area of the church because it was a fund-raising Sunday. She also described the impact as a sideswiping of her vehicle by the Bourg vehicle. She stated she habitually made wide turns because she drives her van more often than her husband’s truck, which was the vehicle involved in the accident.
While Rosell v. ESCO, 549 So.2d 840 (La.1989), and Stobart v. State, 617 So.2d 880 (La.1993), require us to defer to the findings of the trier of fact when there are two permissible views of the evidence, we may find manifest error where objective evidence so contradicts the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story.
Our review of the evidence in the instant case convinces us that reasonable minds could not differ as to how the accident was caused: by the sole fault of Mrs. Luke. The investigating officer placed the point of impact two and a half feet from the right-hand side of the northbound lane; his conclusion was based on debris, gouge marks, post-impact skid marks, the angle at which the Bourg vehicle left the roadway, and a scrape in the road shown in the photographs entered into evidence. The pictures of the vehicles do not lend credence to Mrs. Luke’s description of a “side-swiping” but actually belie this possibility. There is no damage to the side of either vehicle past the left front fenders, and the Luke vehicle has damage to the center of the hood and the center of the front bumper. Mr. Bourg testified unequivocally that he was in his lane, trying to avoid the accident by swerving to the right, when he was struck by the Luke vehicle. Mrs. Luke was not sure where she was when the impact occurred. She testified she could very well have been across the center line, but she did not “st[i]ck her head out of the window” to determine where she was in relation to the center line at the time of impact. Consequently, there is no support for the jury’s conclusion that both drivers were negligent.
*721 The only evidence from which the jury could have inferred that Mr. Bourg was speeding was the testimony about the distance between the two churches. However, there was no evidence that Mr. Bourg was concerned about arriving at his church on time. There was also no evidence that the “heavy activity” in front of the church was such that Mr. Bourg had a duty to reduce his speed significantly. Both he and Mrs. Luke testified that there were no pedestrians near the roadway. Furthermore, even if he should have been going slower, there was no evidence that with a slower speed the accident could have been avoided. If Mr. Bourg had a duty to slow down because of the heavy activity in front of the church, the risk that Mrs. Luke would turn left in front of him was not within the scope of that duty.
Finally, even if the jury accepted all of the testimony of Mrs. Luke, the jury could not have reached the result it did reach. She testified she never saw the Bourg vehicle before the accident, she never came to a stop before making the left turning maneuver, she made a half-turn to the right at the beginning of her wide left-turning maneuver, she waited for the brown truck to clear the driveway, and then she began the left turn when she collided with the Bourg vehicle. The only conclusion that can be reached from the physical evidence is that Mr. Bourg’s version of the accident — that he swerved to the right to avoid the accident but that Mrs. Luke struck him with the left front of her vehicle— is the only permissible version.
Accordingly, we reverse the portion of the judgment of the trial court reducing plaintiffs recovery by a percentage of fault assigned to Mr. Bourg. We cast appellee for costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART.